(11)
8/21/0[
m**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. POTOPOWICZ,** | : | **CIVIL ACTION NO. 1:CV-01-0749** |
| **Plaintiff** | : | |
| **v.** | : | |
| **ROBERT MEYERS, Warden, et al.,** | : | **(Judge Rambo)** |
| **Defendants** | : | |

**FILED**
HARRISBURG, PA
AUG 21 2001
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

**M E M O R A N D U M**

**Background**

       Michael J. Potopowicz, an inmate presently confined at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint is accompanied by an application to proceed in forma pauperis. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).[1]  Also, a new section was added which relates to screening complaints in prisoner actions.[2]

---

1.    The plaintiff completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.  The Court then issued an administrative order directing the warden of SCI-Rockview to commence deducting the full filing fee from plaintiff's prison trust fund account.

2.    Section 1915(e)(2), which was created by § 804 (a)(5) of the Act, provides:  (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or  malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

(continued...)

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim upon which relief may be granted.

The plaintiff names as defendants the following SCI-Rockview officials: Robert W. Meyers, warden; Mr. Wheeler, psychologist; and Dr. Walmar, head psychologist. Plaintiff also names the "Camphill office of inmate grievances and appeals" as a defendant.

As previously stated, the instant case was initiated pursuant to 42 U.S.C. § 1983. Liberally construing the complaint of this pro se litigant, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), the plaintiff generally alleges that he disagrees with the evaluation apparently recommending sex offender treatment made by Mr. Wheeler and evidently taken into consideration by the Pennsylvania Board of Probation and Parole ("Parole Board"), and the warden's and grievance board's decision to deny his grievance. Believing that the psychologist's recommendation is "unnecessary," the plaintiff seeks to have the psychologist's evaluation expunged from his record and that he be awarded punitive and compensatory damages for lost wages and personal losses incurred by having to serve his full sentence. (Doc. 1.)

Plaintiff contends that in October, 1999, he was given a "hit" by the Parole Board for reasons related to a ten year old sex assault case. Potopowicz is currently serving a one to four year sentence for two separate convictions for Driving Under the Influence and Resisting Arrest. (Id. at 4.)

---

2.   (...continued)
immune from such relief.

2

Although the plaintiff's complaint is rambling, and at times indiscernible, it is apparent that Potopowicz has a prior sexual assault conviction in New Jersey involving an underage girlfriend. Plaintiff contends that the presentence report completed by the diagnostic center in New Jersey regarding that conviction stated he "was not able to be charged as a sex offender and that no further evaluations or treatment is necessary." (Id. at 3.)

Potopowicz alleges that Mr. Wheeler filed his own evaluation "against [his] 10 year old previous evaluation." (Id. at 4.) Plaintiff contends that the evaluation indicating he needs to complete sex offender treatment is the reason he has been denied parole.[3]

Plaintiff names Dr. Walmar as a defendant "for agreeing with Mr. Wheeler . . . . and is wrong for holding [him] in prison for 4 years . . . ." (Id. at 5.) Potopowicz names Meyers as a defendant for denying his appeal and "siding with" Dr. Walmar and Mr. Wheeler. (Id. at 6.) Plaintiff contends that prison officials do not have the legal authority to alter any official records (i.e. the evaluation from New Jersey). (Id.) Plaintiff names "Camphill Office of Inmate Grievances and Appeals" as defendant for denying his final appeal and for finding him "guilty" of a  failure to register charge in New Jersey before he has an opportunity to go to court in New Jersey regarding the pending charge.[4] (Id. at 7.)

---

3 .    Plaintiff states that the evaluation has "caused 2 1 year parole hits in a row and is forcing a max out." (Id.).

4 .    Since plaintiff acknowledges in his complaint that he has a pending failure to register charge in New Jersey, the state of New Jersey must consider Potopowicz to be a "sex offender."

Thus, plaintiff filed the instant action in which he seeks compensatory and punitive damages for being denied parole and for being "forced to max out," resulting in the lose of wages, holding up his career, causing heavy debt and personal losses. (Id. at 8.) Plaintiff also seeks injunctive relief to have the evaluation by Mr. Wheeler expunged from his record.

**Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

To the extent that the plaintiff disagrees with the negative evaluation made by the institution to the Parole Board, the Court of Appeals for the Fourth Circuit in Paine V. Baker, 595 F.2d 197, 201 (4th Cir. 1979), cert. denied, 444 U.S. 925 (1979), held that a prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim. The Court noted that "federal courts will not oversee the discretionary decisions of prison administrators and second-guess their evaluations." Id.

To the extent that plaintiff seeks to have the evaluation expunged from his record, under Paine there exists a limited right, founded on principles of due process, for an inmate to have incorrect information expunged from his record. However, an inmate must first establish with specificity that erroneous information is in his file. Second, the plaintiff must prove that the information

4

is false, since it is not sufficient that the information is true but prejudicial, or that the inmate disagrees with the evaluations or opinions of others.  Under the third requirement, an inmate must establish that the information has been relied upon to a constitutionally significant degree.  Id. at 201.

Assuming, without deciding, that the plaintiff has satisfied the first and second Paine requirements, the Court finds that the plaintiff has clearly failed to satisfy the third condition that the information has been relied on to a constitutionally significant degree.

Plaintiff argues that the evaluation and recommendation to complete a sex offender treatment program has been relied upon in determining his eligibility for parole.  However, it is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  The Pennsylvania parole statute does not create a liberty interest in the right to be paroled.  Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Wright v. Cuyler, 517 F. Supp. 637 (E.D. Pa. 1981).  Nor does Pennsylvania's parole scheme create a predictable expectation of parole upon completion of a rehabilitation program.  Charles v. Witman, Civ. No. 3:CV-94-1713, slip op. at 3 (M.D. Pa., July 20, 1995) (J. Vanaskie).  Furthermore, the Parole Board is the sole determiner whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole.  Myers v. Ridge, 712 A.2d 791, 794 (Pa.Commw. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to

5

serve the remainder of his sentence outside the confines of prison.  As a result, decisions to grant or deny parole are generally not appealable except to the extent that a constitutional or statutory violation has occurred").

Thus, the plaintiff fails to state a claim that the evaluation and recommendation in his file has been relied upon to a constitutionally significant degree, thereby warranting an expungement of the information from his record.

It also appears that plaintiff contends that his failure to participate in a sex offender treatment program is an unconstitutional basis for denying his parole which has resulted in financial losses for him.  He asserts that since he is no longer serving a sentence for a sex offense and that a previous evaluation found that it was unnecessary for him to participate in a program, the sex offender program in Pennsylvania is unnecessary and does not apply to him.  These claims also fail to state a claim upon which relief may be granted.  Notwithstanding plaintiff's own beliefs that he does not need to participate in a program because the term of his sex offense expired some years ago and a previous evaluation indicated differently, "considering a prisoner's participation in treatment is entirely consistent with the Parole Board's duty to 'procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections, and environment' of the prospective parolee." Carter v. Muller, 45 F.Supp.2d 453, 457 (E.D. Pa., 1999) quoting 61 P.S. § 331.19; see Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 775 (Pa.Commw.Ct. 1997) ('the Board's requirement that he receive treatment and be 'cured' prior to being released on parole . . . is a legitimate

requirement imposed by the Board to ensure that a prisoner is suitable for parole"). Therefore, in regards to punitive and compensatory damages, plaintiff has failed to state a ground upon which relief can be granted.

Furthermore, the United States Supreme Court ruled that "a State is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58,64 (1989). In Will, the Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71; see also Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). The Supreme Court has reiterated its position that state agencies are not subject to liability in § 1983 actions brought in federal court. See Howlett v. Rose, 446 U.S. 356 (1990). ("Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court.") The "Camphill Office for Grievances and Appeals" is not a person subject to suit under § 1983. Therefore, any claims against the agency will be dismissed as legally frivolous.

Also, Potopowicz's allegations against defendants Dr. Walmar and Meyer are premised solely on a theory of respondeat superior and, thus subject to dismissal. Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

7

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

An application of the above standards to Potopowicz's complaint clearly shows that he has failed to set forth a cognizable claim against defendants Meyer and Dr. Walmar. Plaintiff's complaint, with respect to defendants Meyer and Dr. Walmar, does not state with appropriate particularity any personal knowledge or acquiescence on their part. Plaintiff merely offers conclusory statements regarding defendants Meyer and Dr. Walmar. Thus, since it is apparent that plaintiff is attempting to establish liability against defendants Meyer and Dr. Walmar solely on the basis of their supervisory capacity, they are likewise entitled to an entry of dismissal.

Under the circumstances, the Court is confident that the service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve.[5] See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990). Therefore, Potopowicz's complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted. Defendants Meyer, Dr. Walmar, and the "Camphill

---

5.    This matter was referred to the Pro Bono chapter of the Federal Bar Association. After being screened by two attorneys, the Chapter concluded that it would not provide a voluntary attorney to pursue this action because "[w]e simply do not believe that adding an attorney to this case will increase plaintiff's chances for success." Letter from Charles Rubendall II, Chair, Middle District of Pennsylvania Pro Bono Chapter, Federal Bar Association, to the Honorable Sylvia H. Rambo, United States District Judge, United States District Court for the Middle District of Pennsylvania (August 17, 2001).

8

Office of Grievances and Appeals" would also be entitled to dismissal on independent grounds as well. An appropriate order will be issued.


                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: August   21 , 2001.

9

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 21, 2001

Re:  1:01-cv-00749   Potopowicz v. Wheeler

True and correct copies of the attached were mailed by the clerk
to the following:

Michael J. Potopowicz
SCI at Rockview
DS 8353
P.O. Box A
Bellefonte, PA  16823

cc:
Judge                        (X )          (X ) Pro Se Law Clerk
Magistrate Judge             (  )          (  ) INS
U.S. Marshal                 (  )          (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  (  )   PA Atty Gen (  )
                                       DA of County (  )   Respondents (  )

Bankruptcy Court             (  )
Other_____         (  )

                                          MARY E. D'ANDREA, Clerk

DATE: August 21st, 2001              BY: _____
                                          Deputy Clerk